IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:06-393-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Luis Tejeda-Ramirez, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Luis Tejeda-Ramirez's ("Tejeda-Ramirez") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Tejeda-Ramirez's § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On November 27, 2006, Tejeda-Ramirez was found guilty after a jury trial of one count of possession with intent to distribute 5 kilograms or more of cocaine. On January 24, 2007, the court sentenced Tejeda-Ramirez to one hundred twenty-one months' imprisonment. Tejeda-Ramirez appealed his conviction and sentence. On December 11, 2007, the United States Court of Appeals for the Fourth Circuit affirmed Tejeda-Ramirez's conviction and sentence. United States v. Tejeda-Ramirez, No. 07-4142, 2007 WL 4322287, at *3 (4th Cir. Dec. 11, 2007) (unpublished). Tejeda-Ramirez filed the instant § 2255 motion on December 31, 2009.[1] In his § 2255 motion, Tejeda-Ramirez alleges that his trial and appellate counsel were constitutionally ineffective. (Tejeda-Ramirez Mem. Supp. § 2255 Mot., generally.)

**II. DISCUSSION OF THE LAW**

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Tejeda-Ramirez must demonstrate that his counsel's performance fell

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Tejeda-Ramirez must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Tejeda-Ramirez alleges that his appellate counsel was constitutionally ineffective for failing "to properly and timely notify movant of his appeal statute" which deprived Tejeda-Ramirez of the "constitutional right to file a Writ of Certiorari." (Tejeda-Ramirez Mem. Supp. § 2255 Mot. 6.) Further, Tejeda-Ramirez alleges that his trial and appellate counsel were constitutionally ineffective for failing to "properly" object to and appeal the unconstitutional search and seizure subsequent to the traffic stop, and failing to "properly object to, and appeal, the cumulative effect of the multiple errors in this case." (Id., generally.)

Tejeda-Ramirez alleges that his appellate counsel was constitutionally ineffective because she failed "to properly and timely notify movant of his appeal status" which deprived Tejeda-Ramirez of the "constitutional right to file a Writ of Certiorari." (Id. 6-8.) This claim is without merit. "[A] criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." Wyatt v. United States, 574 F.3d 455, 459 (7th Cir. 2009) (citing Ross v. Moffitt, 417 U.S. 600, 617 (1974)). An attorney is not constitutionally required to inform a defendant "of the possibility of certiorari review and assist

2

him with filing a petition." Pena v. United States, 534 F.3d 92, 95-96 (2d Cir. 2008). "Since [Tejeda-Ramirez] did not have a constitutional right to the assistance of counsel in seeking certiorari, no Sixth Amendment violation occurred when his attorney failed to notify him of the Fourth Circuit's ruling or failed to file a petition for writ of certiorari on his behalf." United States v. Davis, 2009 WL 3055230, at *2 (W.D. Va. Sept. 23, 2009). Therefore, Tejeda-Ramirez's counsel was not constitutionally ineffective for allegedly failing to notify him of the status of his appeal.[2]

In addition, Tejeda-Ramirez alleges that his counsel was constitutionally ineffective for failing to "properly" object to and appeal the unconstitutional search and seizure subsequent to the traffic stop. (Tejeda-Ramirez Mem. Supp. § 2255 Mot. 8.) Tejeda-Ramirez's trial counsel filed a motion to suppress, which the court denied after a hearing. On appeal, Tejeda-Ramirez's appellate counsel alleged that the district court erred in denying his motion to suppress. Tejeda-Ramirez, 2007 WL 4322287, at *3. The Fourth Circuit found no error concluding that "[b]ecause Trooper Gilbert observed several traffic violations, the decision to stop Tejeda-Ramirez's vehicle was objectively reasonable under the Fourth Amendment." Id.

---

[2] Although Tejeda-Ramirez has no constitutional right to effective assistance of counsel in filing a petition for writ of certiorari, he may have a remedy under the Fourth Circuit's Plan in Implementation of the Criminal Justice Act ("CJA Plan"). Davis, 2009 WL 3055230, at 2. When the Fourth Circuit issues an adverse judgment to a defendant, "the CJA Plan imposes a duty on counsel to notify the defendant, in writing, of his right to file a petition for writ of certiorari and, if the defendant so desires, to file a petition on his behalf." Id. "Where counsel fails to fulfill his obligations under the CJA Plan with respect to the matter of certiorari, the appropriate remedy is for the Court of Appeals to vacate and reenter judgment to permit a defendant to file a timely petition for certiorari." Id. at *3. "Pursuant to § 2255, a district court has the authority to vacate its own judgment; however, the court obviously does not have authority to recall the Fourth Circuit's mandate." Id. Thus, the court cannot grant any relief for a violation of the CJA Plan.

Further, Tejeda-Ramirez conceded on appeal that "the search was consensual and thus lawful." Id. Tejeda-Ramirez cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Tejeda-Ramirez argues he did not consent to the search voluntarily and was "coerced . . . into allowing the Canine to run around the vehicle." (Tejeda-Ramirez Mem. Supp. § 2255 Mot. 10). In addition, Tejeda-Ramirez alleges that he was "seized, searched and interrogated prior to Law Enforcement obtaining a consent." (Id.) Trial counsel initially challenged consent. (Hr'g Tr. 4.) However, at the conclusion of the suppression hearing, trial counsel only challenged whether the officer had probable cause to stop the vehicle. (Id. 44.) During the hearing, Officer Don Gilbert testified as follows:

> I asked about cocaine being in the vehicle and Mr. Ramirez closed his eyes and nodded his head no. He didn't say no, he nodded his head no to that question. I then asked to search the vehicle in the best Spanish that I can come up with. When he acted – he was having a conversation with Lance Corporal Harrison at the same time and he kept talking to him. So I had to ask three times if I could search the vehicle. He stated, "Yes." He answered in English, "Yeah, you want to see? Yeah, check it out." And he stated that in English. I asked the question, "Can I search your vehicle," in English also and that's when he answered that way there.

(Id. 19-20.) The only inference from the evidence adduced at the suppression hearing was that Tejeda-Ramirez consented to the search. The officer involved in the stop and search testified under oath and was subjected to vigorous cross examination. The officer testified that Tejeda-Ramirez consented to the search and there is no evidence to the contrary. Tejeda-Ramirez's conclusory allegations that the search was not consensual are unsupported by the evidence. Further, Tejeda-Ramirez cannot relitigate the validity of the stop because the Fourth Circuit found that the stop was valid. Based on the foregoing, Tejeda-Ramirez fails to show that his

4

trial and appellate counsel were objectively unreasonable in failing to challenge whether Tejeda-Ramirez voluntarily consented to the search. (Tejeda-Ramirez Mem. Supp. § 2255 Mot. 8.)

Lastly, Tejeda-Ramirez alleges that his trial counsel's constitutionally ineffective assistance had a cumulative prejudicial effect on the outcome of his trial. For the reasons discussed above, this claim is without merit.

It is therefore

**ORDERED** that Tejeda-Ramirez's § 2255 motion, docket number 81, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Tejeda-Ramirez has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 7, 2010

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.