IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:06-393-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Luis Tejeda-Ramirez, ) | |
| ) | |
| Movant. ) | |

      This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit. United States v. Tejeda-Ramirez, No. 10-7489, 2011 WL 2550372, at *2 (4th Cir. June 28, 2011) (unpublished). The Fourth Circuit remanded this matter because Luis Tejeda-Ramirez ("Tejeda-Ramirez") was not provided "an opportunity to respond to appellate counsel's affidavit" prior to the issuance of the court's order in this matter finding that appellate counsel was not ineffective. Id. at *1. Thus, Tejeda-Ramirez shall have a period of **fifteen (15) days from the date of this Order** to submit any counter-affidavit or other material in response to the Government's submissions and appellate counsel's affidavit. See e.g., Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (notice requirement to pro se parties for summary judgment motions). Failure to timely respond could result in dismissal of this action. Affidavits must be based on personal knowledge, contain facts admissible in evidence, and be executed by a person who would be competent to testify as to matters contained in the affidavit if he or she were called to the witness stand. Affidavits or exhibits pertaining to matters that are not

1

involved in this case will not be considered by the court, nor will affidavits that contain only conclusory statements or argument of facts or law.[1]

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
July 21, 2011

---

[1] All affidavits submitted must meet the standards required by Rule 56(c)(4) of the Federal Rules of Civil Procedure. "An affidavit or declaration . . . must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

    If a pro se litigant does not fully understand what facts would be admissible, and who would be competent to testify, he should not withhold affidavits, for the court will determine whether these standards are met by his affidavit(s).